Turley, J.
delivered the opinion of the court.
Benjamin Holland, the plaintiff in error, and George Pirtle, wagered ten dollars upon a match at rifle shooting» Benjamin Holland won, and George Pirtle executed him his note for the ten dollars. Upon this note Holland afterwards recovered judgment against Pirtle, before a *168 justice of the peace, upon which an execution was issued, and the money collected. Within ninety days thereafter Pirtle instituted a suit against Holland to recover back the amount of the judgment thus paid by him, under the provisions of the fourth section of the act of 1799, chap. 8.
The suit was prosecuted by appeal to the circuit court of Macon county, where Pirtle, under the charge of the circuit judge recovered a judgment, against Plolland for the amount paid by him on the judgment as before stated.
The circuit judge charged the jury, “that to entitle a party to recover money, or property lost upon a game of hazard or address, the suit must be brought within ninety days after paying or delivering the same; that the obligation in writing of the looser given to the winner for the sum won, is not a payment; and if such note should be sued upon, and judgment obtained thereon, and the money paid by the looser, on the judgment, to the winner, then upon such payment, the looser may bring suit within ninety days after such payment, and recover the sum paid on the judgment. That the judgment would be no bar to the suit if brought within ninety days after the payment.”
In this charge of the judge, we think there is error; and that he has not given the correct construction to the act of 1799, upon this subject.
The first section of that act makes void every promise, agreement, bill, bond or other contract to pay, deliver, dr secure money or any other thing won or obtained by betting on any species of gaming; upon due proof being made thereof before any jurisdiction having cognizance thereof. This section provides protection for *169 losses upon gambling contracts of every kincTand description, against responsibility upon sucb contracts, by suits tbereon in behalf of the winner; and this it does by enabling them to defend themselves against such suits by showing the gaming consideration of such contracts, upon which they are to be pronounced void, and of no obligatory force.
But if the defence be not made before the tribunal exercising the jurisdiction, and the party permit a judgment to be rendered against him, he is bound by it: the judgment purifies the contract from the gaming taint, and the party shall not afterwards be heard to say, that he had neglected to use the defence given him by the statute. It is sufficient that the law, with the view of discouraging the pernicious practice of gaming, has enabled the loser to protect himself against his contracts, made upon such consideration: it cannot compel him to use the defence, and he cannot complain if the courts giye judgment against him, for want of such defence, or that he has lost his locus pcenitentia by neglecting to make it.
The fourth section of the act was designed for an entirely different purpose, from that of the first, and was intended to give a locus pcenitentia to the loser when he had paid the wager without suit.
This it does by providing, “that if any person shall lose any money or other valuable thing upon any game of hazard or address, or any horse race, or any other game or play whatever, and shall pay or deliver the same or any part thereof, the person so losing, and paying or delivering the same, shall have a right within ninety days next thereafter, to sue for and recover the money or goods so lost and paid or delivered, *170 from the winner, with cost, by action of debt or case; to be prosecuted in any court of record having cognizance thereof, or before any justice of the peace, if the sum be under ten dollars.”
The circuit judge supposed that this section applied, as well to cases of payment made under judgment, as to payments made without. But in this, he is, in our opinion, clearly mistaken, for the reason before assigned, viz, that the first section of the act provides protection against suits upon gaming contracts, which is perfectly adequate thereto; but it does not give protection in cases where the loser pays without suit: and this he could not have had but for the provisions of the fourth.
The legislature did not, by this act, expect or desire to prohibit the payment of gaming debts, at all hazards and against the will of the loser; but, only to enable him to protect himself against them, and to give him a reasonable time to consult his judgment thereon, and to secure him against hasty and excited action in relation to them, either by a payment of them or a promise to pay them.
This, it was supposed, was effectually done by enabling bim to make his defence at law, or when he had paid without legal proceeding, by giving him ninety days to bring suit to recover back what he had paid. And, in our opinion, the protection is ample. If after mature reflection and calm consideration, a man chose to pay his gaming debts, there is no cause of complaint. You can no more prevent him from doing so, than you can prevent him from throwing his money into the river: and it is right and proper that the subject should not always be kept open for controversy in the courts; a limitation must be fixed, and a liberal one has been made, *171 where it has been extended to the time of the rendition of judgment at law, when the defendant is solemnly called upon to make his defence: and in case of payment, to ninety days thereafter.
For these resons, we reverse the judgment of the circuit court in this case, and remand it for a new trial.